<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit
                                
                                
                                
                                
No. 99-1317

                    AMILCAR GUILLOTY-PEREZ,

                      Plaintiff, Appellee,

                               v.

                 JOSE FUENTES-AGOSTINI, ET AL.,

                          Defendants.

            PEDRO J. PIERLUISI and LYDIA MORALES,
                                
                   Defendants, Appellants.
                                
                                
                                
         APPEAL FROM THE UNITED STATES DISTRICT COURT
                                
               FOR THE DISTRICT OF PUERTO RICO
                                
        [Hon. Hector M. Laffitte, U.S. District Judge]
                                
                                
                                
                            Before
                                
                     Lynch, Circuit Judge,
               Campbell, Senior Circuit Judge,
                 and O'Toole, District Judge.
                                
                                
                                
    Roberto Mrquez-Snchez and Law Offices of Benjamin Acosta,
Jr. on brief for appellants.
    Irma R. Valldejuli on brief for appellee.

                                
                                
                      November 19, 1999
                                
                                
                                
                                  
 LYNCH, Circuit Judge.  This appeal arises from a  1983
suit filed by Amilcar Guilloty-Perez in which he alleged that he
was subjected to adverse employment actions in retaliation for
exercising his First Amendment rights to complain about public
mismanagement and corruption.  Guilloty-Perez claimed that various
individuals at the Special Investigations Bureau of the Puerto Rico
Department of Justice (SIB), where he was employed as a special
agent, responded to his reports of operational irregularities
(including his being a source for news articles about the SIB's
poor handling of a drug investigation) by retaliating and punishing
him.  They did this by issuing negative performance evaluations,
lodging disciplinary complaints against him, refusing to give him
status as a permanent employee, and taking other actions.  Three of
the defendants, Jos Fuentes-Agostini, Lydia Morales, and Pedro
 Pierluisi, filed a motion for summary judgment on qualified
immunity and other grounds.  Morales is the former director of the
SIB; Pierluisi is the former Secretary of Justice.  The district
court granted the motion as to Fuentes-Agostini, the Commonwealth's
 present Secretary of Justice, but denied it as to the other
defendants.  Morales and Pierluisi appeal the qualified immunity
 portion of the district court's denial of summary judgment.
       We have no jurisdiction to hear this appeal.  The
 district court denied summary judgment on qualified immunity
grounds because there were material "factual issues both as to the
nature of the involvement of Morales and Pierluisi, as well as
their motivations for their involvement."  At least facially, this
brings the appeal within the rule that "a district court's pretrial
 rejection of a qualified immunity defense is not immediately
appealable to the extent that it turns on either an issue of fact
or an issue perceived by the trial court to be an issue of fact."  
Stella v. Kelley, 63 F.3d 71, 74 (1st Cir. 1995).  In this case,  
the district court's decision was based on the existence of genuine
issues of material fact concerning the actions and motives of the
defendants, what government interests were served by how the SIB
handled these matters, and whether the SIB would have taken the
same actions irrespective of plaintiff's speech.  Further, the
court found the evidence sufficient to raise an inference as to
 defendants' personal involvement or at least acquiescence in
retaliatory activities.  These issues are relevant to a First
Amendment retaliation claim.  See Mt. Healthy City Sch. Dist. Bd.
of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Stella, 63 F.3d at 74-
                             75.
    The defendants' argument that Behrens v. Pelletier, 516
U.S. 299 (1996), authorizes this appeal is to no avail.  Behrens
allowed for interlocutory appeals from denials of summary judgment
only where the district court "determines that certain conduct
 attributed to a defendant, if proven, will suffice to show a
violation of clearly established law."  Daz v. Daz Martnez, 112
F.3d 1, 3 (1st Cir. 1997).  That was clearly not the basis for the
  holding of the district court in denying summary judgment.
     Because we have no jurisdiction, we dismiss the appeal.

</body>

</html>